*E-Filed: March 30, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HORTENCE DE AGUIRRE,<br><br>         Plaintiff,<br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>         Defendant.<br>_____/ | No. C14-00141 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: Docket Nos. 10, 16] |

Hortence de Aguirre appeals a final decision by the Commissioner of Social Security Administration denying her application for Disability Insurance Benefits under Title II of the Social Security Act. Presently before the court are the parties' cross-motions for summary judgment. The matter is deemed fully briefed and submitted without oral argument. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. Upon consideration of the moving papers, and for the reasons set forth below, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's cross-motion for summary judgment.

## BACKGROUND

Plaintiff was born in 1962. Administrative Record ("AR") 91, 161. She previously worked as a quality technician inspector, bag sealer/produce packer, and foreman/lead worker. AR 39. In November 2010, Plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. AR 150. Plaintiff alleged disability beginning in December 2009 due

to breast cancer. AR 190, 194. After Plaintiff's claim was denied initially and upon reconsideration, Plaintiff received a hearing before an Administrative Law Judge ("ALJ") in April 2012. AR 22-45, 94, 103.

The ALJ issued a written decision dated May 21, 2012. AR 25-45. The ALJ evaluated Plaintiff's claim of disability using the five-step sequential evaluation process for disability required under federal regulations. AR 25-45; *see* 20 C.F.R. §§ 404.1520, 416-920. Ultimately, the ALJ found that Plaintiff "has not been under a disability, as defined in the Social Security Act, from December 1, 2009, through the date of this decision." AR 40.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability. AR 27. At step two, he determined that Plaintiff had the "severe impairments" of history of stage 1 breast cancer and history of frozen left shoulder. AR 27. At step three, the ALJ concluded that the impairments or combination thereof did not meet or medically equal the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 30. Accordingly, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "light work" with the additional limitation to only occasional overhead reaching with the left arm. AR 30-39. In making this finding, the ALJ considered Plaintiff's allegations regarding intensity, persistence, and limiting effects of symptoms, and found them only partially credible. AR 36-37, 39. At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as quality technician inspector or as a bag sealer/produce packer. AR 39-40. Accordingly, the ALJ found that she was not disabled. AR 40.

The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. AR 1-6. Plaintiff now seeks judicial review of that decision.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Moncada v. Chater*, 60 F.3d 521,

523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance—it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *accord Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258. "[T]he court will not reverse the decision of the ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

## DISCUSSION

Plaintiff moves for an order either granting summary judgment in favor of Plaintiff holding that Plaintiff was disabled under the Social Security Act, or remanding the case for a new hearing. Plaintiff argues that: (1) the ALJ did not adequately consider treating physician opinions; and (2) the ALJ did not adequately articulate her reasons for finding Plaintiff only partially credible.

### A.     Treating Physician Opinions

Plaintiff argues that the ALJ improperly rejected the opinions of treating physicians Dr. Yoshiyama and Dr. Cabrera, treating psychologist Dr. Linnea Terranova, and consultative psychologist Dr. Bonilla. When evaluating medical evidence, an ALJ must give a treating physician's opinion "substantial weight." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). "When evidence in the record contradicts the opinion of a treating physician, the ALJ must present 'specific and legitimate reasons' for discounting the treating physician's opinion, supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). When a treating physician's opinion is not contradicted by another physician, the ALJ must provide "clear and convincing" reasons for disbelieving the treating physician. *Id.* at 1228 n.8.

Here, the ALJ reasonably considered the statements from Dr. Cabrera, Dr. Yoshiyama, Dr. Terranova, and Dr. Bonilla. AR 28-29, 31-34, 37-39. In regards to Dr. Cabrera, the ALJ observed

that Dr. Cabrera, Plaintiff's primary care physician, refilled pain medication after Plaintiff's surgery, and then only prescribed Tylenol, stool softeners, and iron supplements. AR 31. The ALJ also noted that Dr. Cabrera filled out a "check-box" form, which is an acceptable consideration in assessing a medical opinion. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ may reject check-off reports that lack explanation of the bases of their conclusions); *Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (ALJ need not accept treating physician opinion that is conclusory, brief, and unsupported by clinical findings). In the form, Dr. Cabrera opined that Plaintiff could perform some restricted types of sedentary work.

The ALJ noted that Dr. Cabrera's statement seemed to be overly reliant on Plaintiff's subjective complaints and did not comport with his treatment record, which did not include objective findings to support those complaints of the assessed limitations. AR 37. This is also a good reason for giving a medical statement less weight. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding ALJ may reject treating physician's opinion where opinion is based "to a large extent on a claimant's self-reports that have been properly discounted as incredible" (internal quotation marks omitted)); *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding ALJ properly rejected treating physician's opinion as conclusory and unsubstantiated by medical documentation). Moreover, the ALJ found that Dr. Cabrera's opinion was not consistent with treatment notes from specialists who treated Plaintiff since her cancer diagnosis. AR 37-38. This is a proper reason for giving Dr. Cabrera's opinion less weight. *See Holohan v. Massanari*, 246 F.3d 1195, 1202-03 n.2 (9th Cir. 2001) (recognizing that a treating physician's opinion on some matters may be entitled to little if any weight where physician offers an opinion on a matter not related to his area of specialization (citing 20 C.F.R. 404.1527(d)(5))).

In regards to Dr. Yoshiyama, the ALJ properly considered that the opinion was on a "check box" form, and Dr. Yoshiyama appeared overly reliant on Plaintiff's subjective complaints. AR 38. As explained above, these are appropriate considerations. In addition, the ALJ explained that treatment notes from Dr. Yoshiyama's clinic reflected complaints such as headaches, blurry vision, a toothache, and other symptoms that were found by specialists to not be related to significantly disabling conditions. AR 38. This is a pertinent reason for giving Dr. Yoshiyama's opinion less

4

weight. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (treating physician's opinion may be discounted if treatment notes fail to present "the sort of description and recommendations one would expect to accompany a finding that [the claimant] was totally disabled under the [Social Security] Act"). The ALJ also pointed out that the results from examinations at the clinic were normal. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (an ALJ can reject a treating physician's assessment of limitations where the physician's clinical notes and other recorded observations regarding the claimant's capabilities contradict the assessment); *Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999) (acceptable medical opinion must be supported by clinical and laboratory findings).

In regards to Dr. Terranova, the ALJ noted that she did not provide any treatment notes to support her opinion. AR 38. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ properly rejected treating physician's opinion "because it was unsupported by rationale or treatment notes, and offered no objective medical findings to support the existence of [the claimant's] alleged conditions"). The ALJ also pointed out that Dr. Terranova provided only limited and conservative care. AR 38. This is a relevant consideration for giving the opinion less weight. *See Johnson*, 60 F.3d at 1433 (holding ALJ properly rejected treating physician's opinion, where at time of treatment physician found that claimant needed only conservative care).

The ALJ also discussed several inconsistencies between Dr. Terranova's opinion and other evidence of record. AR 38. For example, the ALJ noted that other providers' treatment notes stated that medication was controlling Plaintiff's psychological symptoms, and that Plaintiff was obtaining medication through her primary care physician. AR 38. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits."); *see also Sample v. Schweiker*, 694 F.2d 639, 643-44 (9th Cir. 1982) (proper inquiry is whether an impairment is "amenable" to control; mental impairment that was "minimized" by medications cannot be basis for disability). The ALJ discussed the inconsistency between Dr. Terranova's assessment of extreme limitations with Plaintiff's other physicians' conservative care with only medication and the lack of any referral for psychiatric care. AR 38. These inconsistencies are

relevant and reasonable considerations for giving less weight to Dr. Terranova's opinion. *See, e.g.*, *Bayliss*, 427 F.3d at 1216 (considering as relevant that other physician's observations and opinions contracted treating physician opinion).

In regards to Dr. Bonilla's opinion, the ALJ properly considered Dr. Bonilla's statement that Plaintiff's limitations were primarily due to medical (i.e., physical) rather than psychological issues. AR 38, 857-58. As the ALJ pointed out, therefore, Dr. Bonilla's opinion was beyond her area of expertise. AR 38. This is a valid reason for discounting the opinion. *See Holohan*, 246 F.3d at 1202-03 n.2 (recognizing that physician's opinion on some matters may be entitled to little if any weight where physician offers an opinion on a matter not related to her area of specialization (citing 20 C.F.R. § 404.1527(d)(5))). In addition, the ALJ observed that Dr. Bonilla's opinion was inconsistent with the limited and conservative psychological treatment Plaintiff was prescribed. AR 38. *See generally Rollins*, 261 F.3d at 856 (ALJ may discount opinion where physician "prescribed a conservative course of treatment"). In addition, the ALJ logically reasoned that no physician referred Plaintiff for psychiatric evaluation or medication management, indicating that her symptoms were controlled with such limited and conservative treatment. AR 38. *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) ("[T]he ALJ is entitled to draw inferences logically flowing from the evidence." (internal quotation marks omitted)).

The ALJ properly based her decision on the entirety of the evidence. For example, the ALJ considered the statement from Plaintiff's treating oncologist that Plaintiff was "fully active" and could perform "unrestricted activities." AR 34, 1053. The ALJ is the one responsible for assessing a claimant's RFC. *See* 20 C.F.R. § 404.1546(c); *see also* 20 C.F.R. § 404.1545(a)(4). Where the medical opinions do not perfectly align, "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti*, 533 F.3d at 1041.

The Court must similarly review the record "as a whole" rather than isolated pieces of evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). In light of the evidence as a whole, the ALJ reasonably considered the opinions, and did not abuse her discretion in weighing them.

### B. Plaintiff's Credibility

Plaintiff argues that the reasons the ALJ gave for denying Plaintiff's credibility were insufficient. Disability benefits may not be granted based on a claimant's subjective complaints. 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability."); 20 C.F.R. § 404.1529(a) (an ALJ "will consider" all of a claimant's statements about symptoms including pain, but "statements about your pain or other symptoms will not alone establish that you are disabled"). "An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, an ALJ is required to make specific credibility findings. Social Security Ruling (SSR) 96-7p (credibility finding "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight"); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that he did not "arbitrarily discredit" a claimant's subjective testimony. *Id*. at 958.

Here, the ALJ provided a valid basis for finding Plaintiff not fully credible, and her reasons are supported by substantial evidence. For instance, the ALJ noted that Plaintiff's treatment providers stated that Plaintiff could have "unrestricted activity." AR 36. This is a good reason for finding Plaintiff not fully credible. *See Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (in evaluating the credibility of a claimant's subjective complaints, the ALJ should consider objective medical evidence and then consider other factors). Further, the ALJ found Plaintiff to be limited to performing "light" work, which would account for any restrictions. AR 36.

In addition, the ALJ observed that Plaintiff did not seek an evaluation regarding her shoulder until after her disability claim was denied, at which time she produced a "litany of complaints." AR 36, 37. This is a proper consideration by the ALJ; an ALJ is permitted to use ordinary techniques for credibility evaluation. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ also logically reasoned that the lack of orthopedic consultation or follow-up tends to detract from

7

the credibility of Plaintiff's subjective complaints regards her shoulder symptoms. And ALJ may make inferences "logically flowing from the evidence." *Macri*, 93 F.3d at 544.

The ALJ further noted that regarding her alleged depression, Plaintiff's symptoms were controlled on minimal or no medication. AR 37. Her symptoms responded to medication and brief counseling sessions. AR 37. This is a good reason for reducing the credibility of reported symptoms. *See Tidwell v. Apfel*, 161 F.3d 599, 601-02 (9th Cir. 1999) (ALJ may consider efficacy of treatment when assessing claimant's credibility); *see also Warre*, 439 F.3d at 1006 ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits."). Furthermore, the ALJ considered Plaintiff's decision to stop medication or decline increased doses of medication. AR 39. This is also a consideration that reduces Plaintiff's credibility. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may consider unexplained or inadequately explained failure to follow a prescribed course of treatment); *see also* 20 C.F.R. 404.1530 (claimant's non-compliance with prescribed treatment precludes an award of benefits). Overall, the ALJ properly considered and articulated numerous sufficient reasons for finding Plaintiff not fully credible.

## CONCLUSION

For the foregoing reasons, the Court finds that the final decision of the Commissioner is supported by substantial evidence and free of legal error. Accordingly, Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: March 30, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-00141 HRL Notice will be electronically mailed to:**

Alex Gene Tse     alex.tse@usdoj.gov, kathy.terry@usdoj.gov, USACAN.SSA@usdoj.gov

Brenda Maureen Pullin     Brenda.Pullin@ssa.gov, geralyn.gulseth@ssa.gov, ODAR.OAO.COURT.1@ssa.gov, sf.ogc.ndca@ssa.gov

Tom F. Weathered     tweathered4@gmail.com, tweathered4@gmil.net

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**